# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
CHEYENNE WHITESELL
*on behalf of her deceased minor child,*
M.W.,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.
* * * * * * * * * * * * * * * * * * * * *

No. 17-1557V

Special Master Christian J. Moran

Filed: November 16, 2023

Patricia A. Finn, Patricia Finn, P.C., Pearl River, N.Y., for Petitioner;
Benjamin P. Warder, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Cheyenne Whitesell's ("petitioner") motion for final attorneys' fees and costs. She is awarded $50,922.50.

\*    \*    \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On October 18, 2017, Cheyenne Whitesell filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, on behalf of her deceased child, M.W. Ms. Whitesell claims that the hepatitis A, influenza ("flu"), measles, mumps, and rubella ("MMR"), and varicella vaccines her son, M.W., received on October 19, 2015, caused his death on October 22, 2015. The parties submitted reports from experts and argued their positions through legal briefs. On July 12, 2022, the undersigned issued his decision dismissing petitioner's case for insufficient proof. 2022 WL 3081327.

On February 8, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $54,467.90 and attorneys' costs of $9,775.00 for a total request of $64,24.90. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of his case. Fees App at 23. On February 22, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*   *   *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine

reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of counsel, Ms. Patricia Finn, $375.00 per hour for work performed in 2016, $383.00 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, and $444.00 per hour for work performed in 2021, and 2022. These rates require further review because they are not consistent with what Ms. Finn has previously been awarded for her Vaccine Program work. See Bohn on behalf of G.B. v. Sec'y of Health & Human Servs., No. 16-265V, 2023 WL 2364831 (Fed. Cl. Spec. Mstr. Mar. 6, 2023) (awarding Ms. Finn $316 in 2015, $328 in 2016, $340 in 2017, $352 in 2018, $365 in 2019, $378 in 2020, $400 in 2021, and $422 in 2022); Yates v. Sec'y of Health & Human Servs., No. 14-560V, 2022 WL 2441324 (Fed. Cl. Spec. Mstr. June 9, 2022) (awarding Ms. Finn $310 in 2014, $316 in 2015, $328 in 2016, $340 in 2017, $352 in 2018, $365 in 2019, and $378 in 2020). Accordingly, Ms. Finn's rates are reduced to the following consistent with her previously awarded rates; $328.00 per hour for work performed in 2016,

$340.00 per hour for work performed in 2017, $352.00 per hour for work performed in 2018, $365.00 per hour for work performed in 2019, $378.00 per hour for work performed in 2020, $400,00 per hour for work performed in 2021 and $422.00 per hour for work performed in 2022. Application of these rates results in a reduction of attorney's fees in the amount of $5,320.40.

      B.      <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. However, the undersigned shall reduce some of the hours Ms. Finn billed for revisions to her brief. As the undersigned noted in his decision dismissing the petition, petitioner's initial briefing was lacking in content and presentation and deficient in several aspects, including failure to clearly distinguish the separate <u>Althen</u> prongs. Decision at 4. Ms. Finn is an experienced Vaccine Program practitioner and it is unlikely that a paying client would want to reimburse her for time revising a deficient pleading not once but twice. The undersigned shall reduce the final award of fees by $4,000.00, representing 10 hours billed at $400.00 per hour. Therefore, petitioner is awarded final attorneys' fees in the amount of $45,147.50.

      C.      <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $9,775.00 in attorneys' costs. This amount is comprised of the Court's filing fee, and work performed by experts Dr. Laurel Waters and Dr. Alan Levin. Fees App. at 15.  While most of the requested costs appear reasonable, Dr. Levin's work requires additional scrutiny and reduction.

Although the total requested for Dr. Levin's work ($6,000.00, representing 15 hours billed at $400.00 per hour) is fairly modest for expert work, the lack of quality in Dr. Levin's reports means that even this amount is too high. As the undersigned previously noted, although Dr. Levin is board-certified in immunology, he does not currently practice immunology, choosing to primarily

practice law instead. As noted, his lack of current medical practice has contributed to criticism of his opinions from several special masters in the Vaccine Program. Decision at 5-7. In the instant case, Dr. Levin's proposed theories were lacking in support from medical literature and ultimately were not persuasive or helpful to petitioner's case. Upon review, a reasonable amount for Dr. Levin's work in this case is $2,000.00. [2]

For the remainder of the costs, petitioner has supported all requested costs with documentation. The undersigned notes that the proposed rate for Dr. Waters ($500.00 per hour) has been previously accepted by this Court and appears reasonable for the work performed in the instant case, and her total hours billed (6.5) are also reasonable for reviewing autopsy reports and slides and communicating with counsel. See Yates v. Sec'y of Health & Human Servs., No. 14-560V, 2022 WL 2441324, at *3 (Fed. Cl. Spec. Mstr. Jun. 9, 2022). Accordingly, petitioner is awarded final costs of $5,775.00.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$50,922.50** (representing $45,147.50 in attorneys' fees and $5,775.00 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Patricia A. Finn. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Dr. Levin's work was of such poor quality that a reasonable outcome is not to compensate for his work at all, and Ms. Finn is cautioned that continued use of Dr. Levin as an expert may result in total non-reimbursement for his work.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.